HOLLIDAY vs. STRICKLAND, administrator.

1. That defendant's children, for whom he had been appointed guardian, were entitled, as distributees, to one-seventh of the plaintiff's intestate's estate, is no defense to an action by a foreign administrator for money in the hands of defendant belonging to the intestate, in the absence of allegations that there were no debts, what that interest amounted to, or that the estate had been fully administered.
2. An equitable defense cannot be set up to an action at law where the introduction of a new party is required.
3. The verdict is supported by the testimony.

Practice in the Superior Court. Equity. Parties. New trial. Before Judge RICE. Jackson Superior Court. August Term, 1877.

Reported in the decision.

S. P. THURMOND, for plaintiff in error.

COBB, ERWIN & COBB, for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against the defendant to recover the sum of $600.00, which he alleged he was indebted to him for so much money received for the sale of a tract of land belonging to his intestate. The defendant pleaded that the plaintiff's intestate was indebted to him the sum of fifty dollars for his trouble in selling the land, and also filed what he called an equitable plea in which he alleged, in substance,

that he married the daughter of plaintiff's intestate by whom he had four children; that his wife died before intestate, leaving said children as the representatives of their deceased mother, who was entitled to one-seventh part of his estate; that intestate died in the state of Tennessee; that the plaintiff's letters of administration were granted to him in that state, where he now resides; that defendant has given bond and security to the ordinary as the natural guardian of his said children as required by law, and prays, as the natural guardian of his children, that the plaintiff shall not be allowed to take said money to the state of Tennessee, but shall be compelled to pay to defendant, as the natural guardian of his children, out of said money, the one-seventh part of the intestate's estate to which they would be entitled as the distributees thereof. The court struck out the defendant's equitable plea, and on the trial of the case the jury found a verdict for the plaintiff for the sum of $271.63. A motion was made for a new trial on the grounds therein stated, which was overruled, and the defendant excepted.

1. There was no error in striking the defendant's equitable plea, in view of the facts alleged therein. There is no allegation in it that there were no debts due by the intestate, or what would be the amount due to his children after a due administration of the intestate's estate, or that the estate had been fully administered. If he had filed a bill on the equity side of the court with the same allegations as contained in his equitable plea, and no more, it would have been demurrable for want of equity, and he cannot claim to be in any better condition in a court of law so far as the equity of his plea is concerned than he would be in a court of equity.

2. Besides, he sought to introduce a new party defendant in the case pending against him in the common law suit, which cannot be done. Code, §3480. Francis M. Holliday as the defendant whom the plaintiff sued, and Francis M. Holliday as the natural guardian of his four children, are, in contemplation of the law, different and distinct parties, quite as much so as the four children would be new and distinct

parties defendant. Whatever equitable rights these new and distinct parties may have had to the money which the defendant owed the plaintiff's intestate, that would have been no defense for the defendant in the common law suit against him for the money. He could not invoke the equitable rights of third persons who were not parties to that suit to protect him from the payment of his own indebtedness.

3. The amount to which the defendant was entitled for selling the intestate's land, was a question for the jury under the evidence, and in view of that evidence there was no error in overruling the defendant's motion for a new trial.

Let the judgment of the court below be affirmed.